*URSULINE NUNS* vs. *DEPASSAU.*

**APPEAL** from the court of the first district.

Eastern Dist.
*April* 1829.

URSULINE
NUNS
*vs.*
DEPASSAU.

MARTIN, J. delivered the opinion of the court. The plaintiffs having procured an order of seizure and sale, as vendors of a lot of ground, sold to the defendant, he procured it to be set aside. They now obtained leave to amend the petition, and having done so, prayed for and obtained a new order.

The defendant now moved that this second order might be set aside, on the following grounds.

1. By setting aside the first order, the parties were out of court, and no amendment could take place.

2. No notice of the intended motion to amend was given, nor copy of the amendment served on the defendant.

3. The affidavit was insufficient: inasmuch as it was made by an agent—his authority was not proven, and it stated no demand.

4. The order of seizure improperly issued; there being no notice to, or demand from, the mortgagor.

If a writ of seizure and sale be set aside, the plaintiff may amend his petition, without giving the debtor notice of the motion to amend nor. serving him with a copy of the amendment.

The person who makes an affidavit for a corporation need not prove his authority till it be denied.

The law requires a demand or notice before a writ of seizure and sale issues.

A court takes notice of the authority of the officer to whom it issues a writ.

Eastern Dist
*April* 1829.

URSULINE
NUNS
*vs.*
DEPASSAU.

5. The person who executed it was not a coroner as he states himself to be.

These exceptions were overruled, and the defendant appealed.

The two first exceptions would have been correctly taken, in a regular suit, where the party must be cited to answer: for there, when he is once dismissed, he cannot be called on to answer anew, without a second petition and citation. There an amendment of the petition being as a supplemental one, a copy of it must be served, as a copy of the original petition. But on summary proceedings *exparte*, no notice of a motion to amend is to be given, because the adverse party is not in court; and no copy of the amendments is to be served on him, because none of the petition itself is required.

The setting aside of the order of seizure did not affect the petition; neither did it dismiss the defendant, because he had not been brought in, but came voluntarily. If the order was dismissed on account of the insufficiency of the affidavit, nothing was wanted to obtain a second order, but the annexation of a sufficient affidavit: to copy the petition and introduce it anew, would be a vain and unnecessary act,

which the law does not require. *Lex nemi-* *nem cogit ad vana.* If the order was set aside because a copy of the authentic act was not annexed, a like remedy would cure the defect. Likewise if the writ was set aside on account of the absence of a necessary averment—an amendment of the petition must enable it to support a new order.

The plaintiffs sue as a corporation: the oath must necessarily be taken by the proper officer. The person who took it states herself to be the superior of the nuns. It is not complained that she had no authority, but that she did not prove that she had. We think that was useless, till her authority was denied. No law requires a demand or notice to be sworn to or made.

The court below was bound to know the character of the officer to which it directed its order for execution. Had it erred, the circumstance might have authorised some other remedy than setting aside the order.

It has been urged in argument by the appellant that the appellees are not a legal corporation. This was not urged below—they cannot be expected to be prepared with their charter.

Eastern Dist.
*April* 1829.

URSULINE
NUNS.
*vs.*
DEPASSAU.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Seghers* for plaintiffs—*Waggaman* for defendant.